62, 6 24-01

December 22, 2014

Cause No. 22,444-A

MOTION DISMISSED
DATE: 1-6-15
BY: PC

RECEIVED
DEC 29 2014
THIRD COURT OF APPEALS
JEFFREY D. KYLE

CLERK OF COURT
COURT OF CRIMINAL APPEALS
P.O. BOX 12547
AUSTIN, TEXAS 78711-2547

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 02 2015

Abel Acosta, Clerk

RE: Motion For Appeal Bond

Dear Clerk,

Please find enclosed a motion to request an appeal bond do to the State failure to answer, dispute or contradict applicant's claims under his 11.07 habeas corpus for relief. Applicant request a return copy of this motion filed into the records, and stamped date filed...

Respectfully Submitted

Stacey Carter #1870516
2661 - FM 2054
Tennessee, Tx 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 02 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2014

Abel Acosta, Clerk

STACEY CARTER

VERSUS

THE STATE OF TEXAS,

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2014

Abel Acosta, Clerk

§
§
§
§
§
§

COURT OF CRIMINAL APPEALS

FIFTH CIRCUIT

AUSTIN, TEXAS

RECEIVED

DEC 29 2014

THIRD COURT OF APPEALS
JEFFREY D. KYLE

## MOTION FOR APPEAL BOND

NOW INTO COURT, comes Applicant pro se Stacey Carter in cause number 22,444-A who pursuant to applicable Texas Code of Criminal Procedure governing laws, respectfully submits that applicant is entitled to a PR Bond or request a bond no more than #10,000 for the reasons set forth hereafter:

1.

Applicant has brought this action against the State and Coffield Unit under application for a WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION, UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07. Contending that trooper K. Burman unreasonable detained or seized applicant after the justification for the traffic stop ended for speeding, for the arrival of a canine (K-9) unit to arrive to do a free air search around the vehicle to gain probable cause to search applicant's vehicle. And applicant received ineffective assistance of counsel. U.S. v. Dortch 199 F.3d 193 (5th Cir 1999)?

2.

After officer Randy Turner the K-9 handler arrived 15 minutes later, did the procedure around the vehicle several time, the K-9 did "NOT ALERT" for probable cause to give Burman for a searching of vehicle. Burman made false testimony at evidentiary and suppression hearing, also trial that the K-9 alerted for probable cause without a warrant.

3.

At the evidentiary and suppression hearing, also trial Burman admitted he detained applicant after the justification for the traffic stop ended for the arrival of the K-9, because consent to search vehicle was denied.

4.

State expert female witness from Texas Department of Public Safety Crime Lab testified that what the K-9 is trained to sniff out could "NOT" sniff the ingredients in the evidence being used against applicant. This overwhelming testimony contradicted Burmans testimony for probable cause as the K-9 alerted.

5.

State expert witness Randy Turner the officer whom took the K-9 at the scene around the vehicle testified that the K-9 did "NOT ALERT" to the vehicle for Burman to have probable cause to search it. "CLEARLY CONTRADICTED" Burmans testimony for the search.

6.

During closing arguments State prosecutor made impermissible statement to the jurors that applicant was a drug dealer from Louisiana who came to Houston to buy and return to Louisiana. Courts has repeatedly stressed that an accused shall not be tried for extraneous offense or collateral crime or for being a criminal or being a bad actor generally. Albrecht v. State 486 S.W. 2d 100. Counsel's failure to object to impermissible statement, and if sustained could have moved for a mistrial. Strickland v. Washington 104 S.Ct. at 2052-2064

7.

Counsel erred in not recalling Burman to the stand to impeach his testimony that the K-9 alerted for probable cause, after the TWO state witnesses CONTRADICTED Burmans testimony for probable cause, which the evidence should have been suppressed as fruit of the poisonous tree dotrine. U.S. v. Dortch 199 F. 3d 193 (5th Cir 1999).

8.

Under Texas Code of Criminal Procedure Article 38.23(a) Counsel erred for not requesting jury instruction under governing laws and constitutional laws, or objecting to trial courts instruction and charge. State 892 S.W. 2d 103-110 ; Frisbie 550 F.2d at 340 ; Sanchez v. State 936 S.W. 2d 331.

9.

Counsel erred for advising applicant to sign a waiver not to file an direct appeal. Criminal Law 641.13 (1). Applicant claiming ineffective assistance of counsel bears the burden of showing that his counsel proformance was deficient. No counsel may not deliberatly ignor investigative important role in bargaining to sign waiver only three (3) minutes after being sentenced. Rummel v. Estelle 498 F.Supp 793. U.S C.A. Const Amend 14 due process violation. HERE applicant suffered actual prejudice from prosection and counsel precedural default. Counsel's proformance was deficient well below standard. Strickland 104 S.Ct. 2052-2064.

10.

Under Article 11.07 of the Texas Code of Criminal Procedure affords the State 15 days to answer applicant's application. On November 12, 2014 applicants application was received and filed into the records 22,444-A Polk County Judicial, Livingston Texas, Honorable Kaycee L. Jones 411th Judicial District, and Brian Foley Assistant District Attorney Polk County, Texas 101 W. Mill St. Suite 216.

11.

As of December 17, 2014 the State has NOT answered, disputed or controverted any of applicants grounds for relief of acquittal for the above reasons..

2

For the reasons stated herein Applicant should be granted an appeal bond that is reasonable under the circumstances as a matter of governing laws on all claims asserted by applicant, and State failure to answer claims.

WHEREFORE APPLICANT prays that this court grant his motion for an appeal bond that is reasonable in regards to his ground for relief for State failure to answer, contradict or dispute claims of unreasonable seizure that led to illegal search and seizure without a warrant, ineffective assistance of counsel. until this court make it's review of the records and enter it's judgment remanding the applicant to custody or ordering his release as the law and facts may justify.

This 23 day of December, 2014

Respectfully Submitted

Stacey Carter #1820056
Coffield Unit
2661 - FM 2054
Tennessee, Tx 75884

Applicant Pro se